## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GINA WILKERSON,

      Plaintiff,

v.

LEE MASON, LAW OFFICES OF LEE MASON, LLC, COMMUNITY ASSOCIATION MANAGEMENT, LLC, and THE CLUB AT IVEY ESTATES, INC.,

      Defendants.

Civil Action No.
1:19-cv-01317-SCJ-WEJ

## BRIEF IN SUPPORT OF DEFENDANTS LEE MASON, LAW OFFICES OF LEE MASON, LLC, AND COMMUNITY ASOCIATION MANAGEMENT, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FIRST AMENDED COMPLAINT

COME NOW Defendants Lee Mason, Law Offices of Lee Mason, LLC (the "Law Firm"), and Community Association Management, LLC ("CAM") and, pursuant to Fed. R. Civ. P. 12(b)(6), file this Brief in Support of Motion to Dismiss Plaintiff's Complaint and First Amended Complaint, showing the Court as follows:

## INTRODUCTION

As set forth hereinbelow, the Complaint should be dismissed as a shotgun pleading. Furthermore, (1) Plaintiff failed to state a claim against Defendant CAM under Count I of the Complaint for alleged violations of the Fair Debt Collection

Practices Act ("FDCPA") because CAM is statutorily exempt from the FDCPA, (2) Plaintiff failed to state a claim against Defendants Mason and the Law Firm under Count II of the Complaint for alleged violations of the Georgia Fair Business Practices Act ("GFBPA") because it is settled law that the GFBPA does not apply to lawyers collecting debts for their clients, (3) Plaintiff failed to state a claim against Defendants Mason, the Law Firm, and CAM under Count III of the Complaint for alleged intentional infliction of emotional distress ("IIED") because the alleged conduct was insufficiently severe and outrageous and the distress allegedly inflicted is similarly insufficiently severe, and (4) Plaintiff failed to state a claim for actual damages because her independent decisions were the cause of her alleged damages.

## STATEMENT OF FACTS

Plaintiff, Gina Wilkerson, is a homeowner in a community located in Henry County, Georgia. This community is served by a homeowner's association operating under the name of The Club at Ivey Estates, Inc. ("HOA"). In order to manage this community, the HOA hired CAM to serve as its community manager.

CAM served as an agent of the HOA pursuant to a Management and Legal Services Agreement, dated July 1, 2017 ("Agreement"). A copy of said Agreement

is attached hereto as *Exhibit "A"*[1]. Under the Agreement, CAM was engaged as the HOA's "Agent to assist in fulfilling the Association's obligations to manage the Community." *Exhibit "A"* at 1. The relationship of HOA and CAM is specifically defined in the Agreement as "that of Principal and Agent, and all duties to be performed by Agent under this Agreement shall be for and on behalf of Association, in Association's name, and Association's account." *Id.* at 6.

In its role of property manager, CAM had "primary and day-to-day responsibility for the management and maintenance of the Community". *Id.* at 1. This included tasks such as fulfilling maintenance requests, maintaining a work request log, making arrangements and contracts for general community maintenance and repairs, ensuring compliance with HOA community standards, documenting and reporting any architectural violations, monitor and supervise all independent contractors operating in the community, provide guidance and advice to the HOA, account for funds received on behalf of the HOA, investigate all accidents or claims for damage relating to operation or ownership of the community, prepare annual

---

[1] A court may consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to Plaintiff's claim. *Starship Enters. of Atlanta, Inc. v. Coweta County*, 708 F.3d 1243 (11th Cir. 2013); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *Universal Express Inv. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006); *D.L. Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

operating statements itemizing receipts and disbursements, prepare operating budgets, and other management tasks. *Id.* at 1-8.

Incidental to CAM's main management duties was developing assessment collection and accounts payable procedures. *Id.* at 5. Pursuant to the Agreement, CAM was to "coordinate collection procedures with attorney Lee Mason of the Law Offices of Lee Mason, LLC." *Id.*

In approximately January to February of 2017, Plaintiff failed to timely pay her HOA dues. As months passed without payment, in or about August of 2017, CAM engaged the Law Firm to initiate collection procedures, pursuant to the Agreement. *See Id.* On August 18, 2017, the Law Firm sent a notice of past due account letter to Plaintiff seeking payment of the delinquent sum of $440.00. Plaintiff did not remit payment. On September 20, 2017, the Law Firm sent another notice of past due account letter again seeking payment of the delinquent sum of $440.00 and warning that late fees would be assessed if payment was not made and a lien would be placed against her property. Plaintiff still did not remit payment. On December 13, 2017, the Law Firm sent another notice of past due account letter seeking payment of the originally delinquent sum and late fees, totaling $682.00, and notifying Plaintiff that a lien had been placed against her property.

Only after a lien had been filed did Plaintiff become willing to discuss resolution of the debt. On December 19, 2017, Plaintiff spoke with Sarah Reid, a litigation assistant at the Firm, and requested that the late fees be waived, despite her payment being nearly a year past due. On January 8, 2018, the Firm agreed to waive the fees so long as Plaintiff timely remitted payment. However, in addition to the fees from 2017 that Plaintiff failed to pay, fees for 2018 were new due as well, and the Firm informed Plaintiff that her outstanding balance, without fees, was $854.00. By March 2, 2018, Plaintiff had still not remitted payment, and so the fee waiver was removed, and the past due amount was $1,122.00.

On March 5, 2018, Plaintiff made a payment of $854.00 through the incorrect website, instead of through a proper method as instructed. This $854.00 did not fully satisfy the indebtedness as that amount did not include the fees that were assessed upon Plaintiff's account.

Nevertheless, upon inquiry, the payment Plaintiff had made was not found. It was not until May 24, 2018 that Defendants Mason, the Law Firm, and CAM were informed that the payment was discovered by the HOA in an old and no longer utilized account. Defendant Mason immediately contacted Wilkerson informing her of the good news and asking her to consider a mutual dismissal. No such mutual dismissal was obtained by the time of the hearing, and so the HOA's claims were

5

unilaterally dismissed. Plaintiff argued her claims, and the magistrate court ruled against her.

On March 22, 2019, Plaintiff filed her Complaint initiating the instant matter, asserting claims against the Defendants for alleged violations of the FDCPA and the GFBPA. (Doc. 1). On April 23, 2019, Defendants Mason, CAM, and the Law Firm waived service of summons and the Complaint.

On May 20, 2019, a Consent Order and Motion Extending Time for all Defendants to Answer or Otherwise Respond to Plaintiff's Complaint was entered, extending the time up to and including June 28, 2019. (Doc. 10).

On June 3, 2019, Plaintiff filed her First Amended Complaint, adding various allegations and a claim against the Defendants for alleged intentional infliction of emotional distress. (Doc. 11).

Defendants Mason, CAM and the Law Firm have contemporaneously with this Motion filed Answers to the Complaint and Amended Complaint.

## ARGUMENT AND CITATION OF AUTHORITY

### I.   Standard of Review for a Motion to Dismiss

In order for a Complaint to withstand a motion to dismiss for failure to state a claim, the burden is on Plaintiff to set out "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556

U.S. 677 (2009); *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Iqbal* and *Twombly* set forth a two-part analysis of plausibility that is required for a Complaint to pass muster: First, although a court must accept as true all of the allegations, the same is not true for legal conclusions. When a complaint merely recites a claim's elements, supported by mere conclusory statements, Plaintiff has failed to state a claim. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Second, a plaintiff must plead factual allegations sufficient to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

In evaluating the sufficiency of a Complaint, the Court may make reasonable inferences in a plaintiff's favor, "but [the court is] not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombley*, 550 U.S. at 555.

## II.    Complaint Should be Dismissed as Shotgun Pleading

Plaintiff's Complaint should be dismissed as a "shotgun pleading", which asserts clearly invalid claims, is "replete with conclusory, vague, and immaterial

facts not obviously connected to any particular cause of action", and a generally lengthy and incomprehensible Complaint. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). The Eleventh Circuit has "filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices". *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). These pleadings "wreak havoc" on the judicial system. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) *citing Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981–83 (11th Cir. 2008).

With a shotgun pleading as is currently before the Court, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996). Here, Plaintiff declines to indicate which of the 156 paragraphs of factual allegations support which of her specific claims. Furthermore, the Complaint generally fails to comply with the requirement that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also Jackson*, 898 F.3d at 1356 (recognizing that a complaint "twenty-eight pages long and having incorporated all 123 paragraphs of allegations into all sixteen counts . . . is neither 'short' nor 'plain.'").

Here, the thirty-nine page, 217 paragraph Amended Complaint, which incorporates all prior paragraphs into each count, asserts facially invalid claims, is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action, should be properly found to be a shotgun complaint and dismissed as such.

## III.   Count I FDCPA Claim Fails as a Matter of Law.

This Court should dismiss Count I of Plaintiff's Complaint as asserted against CAM because CAM is statutorily exempt from the FDCPA, and thus, Plaintiff's claim fails as a matter of law. The FDCPA places certain restrictions on abusive debt collection practices. 15 U.S.C.A. §1692 *et seq*. However, "[t]he [FDCPA] restrictions apply only to 'debt collectors'" and "not all who collect debts are 'debt collectors' for purposes of the [FDCPA]." *Harris v. Liberty Community Management*, Inc., 702 F.3d 1298, 1302 (2012). The FDCPA contains statutory exceptions for some who collect debts in certain situations. 15 U.S.C.A. § 1692a(6)(A)-(F), *Harris*, 702 F.3d at 1302.

One of those exemptions is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another *to the extent such activity is incidental to a bona fide fiduciary obligation* or a bona fide escrow arrangement . . .

." 15 U.S.C.A. § 1692a(6)(F)(i) (emphasis supplied). As explained below, CAM comes within this statutory exemption, and thus, Plaintiff's claim fails.

As the Agreement specifically states, every action taken by CAM under the Agreement was taken as an agent of the HOA. *Exhibit "A"*. In Georgia, a confidential relationship exists "where one party is so situated as to exercise a controlling influence over the…interest of another or where… the law requires the utmost good faith, such as the relationship between…principal and agent…." O.C.G.A. §23-2-58. Such a confidential relationship gives rise to a fiduciary duty. *Premier/Georgia Mgmt. Co., Inc. v. Realty Mgmt. Corp.*, 272 Ga. App. 780, 613 S.E.2d 112 (2005). *See Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 672 (7th Cir. 2004) ("agency is a fiduciary relationship in which the agent has the power to act on the principal's behalf"). Therefore, a *bona fide* fiduciary obligation exists between CAM and the HOA and the first prong of the exception is met.

To decide the second, one must decide if the debt-collecting activity is "incidental" to the fiduciary obligation. 15 U.S.C.A. § 1692a(6)(F)(i). To do that, courts look at whether the activity is "central to" or the "primary purpose of" the agent's duties. *See Harris*, 702 F.3d at 1302; *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 377-78 (4th Cir. 2006); *Rowe v. Educ. Credit Mgmt. Corp.*,

559 F.3d 1028, 1034 (9th Cir. 2009). Here, CAM had a wide variety of duties under the Agreement as property manager. *Exhibit "A"*. These duties included, but are not limited to, fulfilling maintenance requests, maintaining a work request log, making arrangements and contracts for general community maintenance and repairs, ensuring compliance with HOA community standards, documenting and reporting any architectural violations, monitoring and supervising all independent contractors operating in the community, providing guidance and advice to the HOA, accounting for funds received on behalf of the HOA, investigating all accidents or claims for damage relating to operation or ownership of the community, preparing annual operating statements, itemizing receipts and disbursements, and preparing operating budgets. *Id.* at 1-8.

Clearly, following up with homeowners that have failed to pay their yearly dues is far from the central or primary duty of CAM, and thus, the minimal debt collecting activities CAM engaged in are incidental to its fiduciary obligation to the HOA. Consequently, the second prong of the statutory exemption to the FDCPA is met and CAM cannot be held liable for any contended FDCPA violation. Because "collecting or attempting to collect any debt owed or due or asserted to be owed or due another . . . is incidental to [CAM's] bona fide fiduciary obligation" as

community manager, Plaintiff's FDCPA claim against CAM fails as a matter of law. 15 U.S.C.A. § 1692a(6)(F)(i); *Harris*, 702 F.3d 1298.

## IV.    Count II GFBPA Claim Fails as a Matter of Law.

This Court should also dismiss Count II of Plaintiff's Complaint, as asserted against Mason and the Law Firm, because they are exempt from coverage under the GFBPA, and thus, Plaintiff's claim fails as a matter of law. Under Georgia law, an attorney and/or law firm who is engaged in debt collection on behalf of his/its clients is exempt from the GFBPA. *State ex rel. Doyle v. Frederick J. Hanna & Assocs., P.C.*, 287 Ga. 289, 695 S.E.2d 612 (2010).

As stated above, CAM engaged Mason and the Law Firm to attempt to collect the extremely delinquent balance owed by Plaintiff in or about August 2017. Therefore, all actions by Mason and the Firm which were contended to violate the GFBPA occurred while they were engaged in debt collection on behalf of their client. As stated by the Supreme Court of Georgia, "we hold that the representation of clients by a law firm does not come within the [G]FBPA even if certain services were provided by non-lawyers within the firm and could have been offered by a company without any attorneys." *Id.* at 293. Therefore, Mason and the Law Firm are exempt from the GFBPA and Plaintiff's claim against them fails as a matter of law.

## V.     Count III Intentional Infliction of Emotional Distress Claim Fails as a Matter of Law.

Plaintiff's claim for intentional infliction of emotional distress against Defendants CAM, Mason, and the Law Firm fails as a matter of law because the Defendants' conduct was not sufficiently extreme or outrageous and Plaintiff's emotional harm is not sufficiently severe, even if every fact alleged were taken as true.

To assert a valid claim for intentional infliction of emotional distress, Plaintiff must show (1) the Defendants' conduct was intentional or reckless, (2) the Defendants' conduct was extreme and outrageous, (3) the Defendants' conduct caused Plaintiff's emotional distress, and (4) Plaintiff's emotional harm was severe. *Bridges v. Winn-Dixie Atlanta*, 17 Ga. App. 227, 230, 335 S.E.2d 445 (1985). In regard to the second element of whether the Defendants' conduct was extreme and outrageous, "[w]hether the alleged conduct is sufficiently extreme or outrageous is a question of law for the trial court." *Ashman v. Marshall's of Ma*, 244 Ga. App. 228, 229, 535 S.E.2d 265, 267 (2000). Here, Plaintiff's claim for intentional infliction of emotional distress fails because the Defendants' conduct was not sufficiently severe and outrageous, even if every allegation of the Complaint were taken as true.

In order for Plaintiff to meet her burden of proving the second element, it must be found that the Defendants' conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . . Such does not include mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living." *Wilcher v. Confederate Packaging*, 287 Ga. App. 451, 454, 651 S.E.2d 790 (2007).

In keeping with the 'shotgun pleading' style of her Amended Complaint, Plaintiff refers generally to the 200 prior paragraphs of her Amended Complaint as the conduct that "demonstrated a wanton disregard for the mental anguish caused by their actions". (Doc. 11 ¶ 201). However, Plaintiff does go on in Count III of her Amended Complaint to identify three specific acts by the Defendants that Plaintiff alleges support her claim for intentional infliction of emotional distress. (Doc. 11 ¶¶ 203, 207). Specifically, the conduct of the Defendants that Plaintiff claims reaches the high level of severity and outrageousness to support her claim is (1) Plaintiff's "first corresponde[nce] with Sarah Reid on May 4, 2018"; (2) an email from Mason on May 24, 2018; and (3) alleged defamatory statements made to neighbors concerning Plaintiff. *Id.* On its face, this conduct is far from "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency,

14

and to be regarded as atrocious, and utterly intolerable in a civilized community", and thus insufficient to support her claim for intentional infliction of emotional distress. *Wilcher*, 287 Ga. App. at 454.

Furthermore, this conduct is even further insufficient when considered in connection with the remaining facts of this matter. Plaintiff claims her "distress was exacerbated by the fact that Plaintiff was hosting out-of-town guests both when she first corresponded with Sarah Reid on May 4, 2018, and when she received the email from Lee Mason on May 24, 2018." (Doc. 11 ¶ 203). First, as of May 4, 2018, Ms. Wilkerson had been avoiding her debt to the HOA for nearly a year and a half. It strains credulity that after avoiding her debt for such a long period of time, and six months after a lien was first placed against her property, these two events would cause such heightened distress. Even further straining credulity, Plaintiff blatantly contradicts herself when she states that she "first corresponded with Sarah Reid on May 4, 2018", because in ¶ 23 Plaintiff states that "[i]n January, 2018, Plaintiff discussed the balance with Sarah Reid". (Doc. 11 ¶¶ 23, 203).

Second, by Plaintiff's own admission, the email from Mason on May 24, 2018, was for the purpose of stating that Mason had discovered the March payment that Plaintiff made through the incorrect site and Mason "sincerely apologize[d] for the confusion." (Doc. 11 ¶¶ 52-62).

Clearly, neither Plaintiff's contradictory allegation that her first correspondence with Sarah Reid occurred approximately on May 4, 2018, nor Mr. Mason's apologetic email rise to the level of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Wilcher*, 287 Ga. App. at 454.

The third act that Plaintiff alleges is sufficiently outrageous is that the Defendants have allegedly made defamatory statements to neighbors concerning Plaintiff. (Doc. 11 ¶ 207). Even if true and taken in conjunction with all other allegations, this is still insufficiently extreme conduct. "Plaintiffs are expected to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind." *Wilcher*, 287 Ga. App. at 454. Inconsiderate and unkind acts are insufficient to be considered "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" *Id.*

As stated above, "[w]hether the alleged conduct is sufficiently extreme or outrageous is a question of law for the trial court." *Ashman*, 244 Ga. App. 228, 229. Even with every factual allegation taken as true, the Defendants' conduct does not rise to a level sufficient to support a claim for intentional infliction of emotional

distress. And furthermore, "[t]he distress [allegedly] inflicted [was not] so severe that no reasonable man could be expected to endure it." *Ghodrati v. Stearnes*, 314 Ga. App. 321, 323, 723 S.E.2d 721 (2012). Therefore, Plaintiff has failed to state a claim of intentional infliction of emotional distress and said claim should properly be dismissed.

## VI.    Claim for Actual Damages Fails as a Matter of Law.

The Plaintiff's claim for actual damages should be dismissed because, as set forth by the Plaintiff's own admissions in her Complaint, these damages were caused by her independent litigation decisions. In her Amended Complaint, the Plaintiff states that she "is entitled to her actual damages pursuant to 15 U.S.C. § 1692k(a)(1)", which she alleges include "$7,450 in lost revenue due to her need to appear in court to defend against Defendants'" allegations; additional costs "to keep her business and personal finances afloat despite losing $7,450 in anticipated revenue"; and the filing fee for her appeal of the magistrate court's ruling against the Plaintiff's counter-claim. (Doc. 11 ¶ 150).

The Plaintiff's alleged damages rise from her contention that Ms. Wilkerson is a caterer "and had an event scheduled for June 26, 2018", which required her to have prepare for the event by "set[ting] up on June 25, 2018, the scheduled trial date of the Magistrate Court trial." (Doc. 11 ¶¶ 73-74). Regardless of the obvious possible

mitigation of "setting up" before or after the scheduled hearing, the Plaintiff's alleged damages all stem from her own litigation decisions.

As stated by the Plaintiff, "Ms. Wilkerson declined to dismiss her counterclaim against Ivey". Thus, regardless of any actions by the Defendant, the Plaintiff was required to appear at the magistrate court hearing to pursue her counterclaim—which she lost. (Doc. 11 ¶ 70). Even had the HOA dismissed its magistrate court suit prior to the hearing, the Plaintiff would have been required to attend the hearing due to her own asserted claim that she refused to dismiss. Therefore, the Plaintiff's claim for actual damages fails as a matter of law and should be properly dismissed.

## **CONCLUSION**

For the reasons set forth hereinabove, (1) the Defendants respectfully request that the Complaint be dismissed as a shotgun complaint; (2) Defendant CAM respectfully requests that this Court dismiss Counts I and III as asserted against it, (3) Defendant Mason respectfully requests that this Court dismiss Counts II and III as asserted against him, (4) Defendant Law Firm respectfully requests that this Court

dismiss Counts II and III as asserted against it, and (5) the Defendants respectfully request that this Court dismiss the Plaintiff's claim for actual damages.

Respectfully submitted this 28th day of June, 2019.

**HAWKINS PARNELL & YOUNG, LLP**

/s/ Kathryn S. Whitlock
Kathryn S. Whitlock
Georgia Bar No. 756233
Stephen W. Rothring
Georgia Bar No. 640964

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308
T: (404) 614-7400
F: (404) 614-7500
kwhitlock@hpylaw.com
srothring@hpylaw.com

*Attorneys for Defendants Lee Mason, Law Offices of Lee Mason, LLC, and Community Association Management, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

GINA WILKERSON,

     Plaintiff,

v.

LEE MASON, LAW OFFICES OF LEE MASON, LLC, COMMUNITY ASSOCIATION MANAGEMENT, LLC, and THE CLUB AT IVEY ESTATES, INC.,

     Defendants.

Civil Action No. 1:19-cv-01317-SCJ-WEJ

## **CERTIFICATION PURSUANT TO LR 7.1**

The undersigned hereby certifies that this brief was prepared using 14 point, Times New Roman font; that this brief does not exceed twenty-five pages; and that the top margin is not less than one and one-half inches, and that the remaining margins are not less than one inch; that the pages of this brief are numbered consecutively at the bottom center of the page; and that the text of the Brief is double-spaced, except for headings and footnotes.

This 28th day of June, 2019.

**HAWKINS PARNELL & YOUNG, LLP**


/s/ Kathryn S. Whitlock
Kathryn S. Whitlock
Georgia Bar No. 756233
Stephen W. Rothring
Georgia Bar No. 640964
*Attorneys for Defendants Lee Mason,*
*Law Offices of Lee Mason, LLC, and*
*Community Association Management,*
*LLC*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308
T: (404) 614-7400
F: (404) 614-7500
kwhitlock@hpylaw.com
srothring@hpylaw.com

21

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

GINA WILKERSON

     Plaintiff,

v.

LEE MASON, LAW OFFICES OF
LEE MASON, LLC, COMMUNITY
ASSOCIATION MANAGEMENT,
LLC, and THE CLUB AT IVEY
ESTATES, INC.,

     Defendants.

Civil Action No.
1:19-cv-01317-SCJ-WEJ

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the within and foregoing BRIEF IN SUPPORT OF DEFENDANTS LEE MASON, LAW OFFICES OF LEE MASON, LLC, AND COMMUNITY ASOCIATION MANAGEMENT, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FIRST AMENDED COMPLAINT, with the Clerk of Court using the CM/ECF system which will electronically notify and serve the following counsel of record:

     Adam Klein, Esq.: aklein@mattberry.com

     John Michael Duffoo, Esq.: john@duffolaw.com

22

This 28th day of June, 2019.

HAWKINS PARNELL & YOUNG, LLP

/s/ Kathryn S. Whitlock
Kathryn S. Whitlock
Georgia Bar No. 756233
Stephen W. Rothring
Georgia Bar No. 640964
*Attorneys for Defendants Lee Mason,*
*Law Offices of Lee Mason, LLC, and*
*Community Association Management,*
*LLC*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308
T: (404) 614-7400
F: (404) 614-7500
kwhitlock@hpylaw.com
srothring@hpylaw.com

23