IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GINA WILKERSON,<br><br>    Plaintiff,<br><br>v.<br><br>LEE MASON, LAW OFFICES OF LEE MASON, LLC, COMMUNITY ASSOCIATION MANAGEMENT, LLC, and THE CLUB AT IVEY ESTATES, INC.,<br><br>    Defendants. | Civil Action No.<br>1:19-cv-01317-SCJ-WEJ |

**DEFENDANTS LEE MASON, LAW OFFICES OF LEE MASON, LLC, AND COMMUNITY ASOCIATION MANAGEMENT, LLC'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

COME NOW Defendants Lee Mason, Law Offices of Lee Mason, LLC (the "Law Firm"), and Community Association Management, LLC ("CAM") (collectively, the "Moving Defendants") and hereby make and file their Reply to Plaintiff's Response Brief in Opposition to Motion to Dismiss.

    **I.**    **ARGUMENT AND CITATION OF AUTHORITY**

**A. Claim against CAM for Alleged Violations of the Fair Debt Collection Practices Act Fails as a Matter of Law.**

Count I of Plaintiff's Complaint as asserted against CAM fails as a matter of law because CAM is statutorily exempt from the Fair Debt Collection Practices Act

("FDCPA"). The FDCPA specifically exempts from its restrictions, "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement . . . ." 15 U.S.C.A. §1692a(6)(F)(i). Plaintiff does not dispute that her FDCPA claim fails as to CAM if (1) a bona fide fiduciary obligation exists between CAM and The Club at Ivey Estates, Inc. (the "HOA"), and (2) CAM's collection activities were merely incidental to that obligation. (Doc. 23, pg. 4). Plaintiff also does not dispute the Moving Defendants' contention that the Management and Legal Services Agreement ("MLSA") between the HOA and CAM demonstrates that a *bona fide* fiduciary obligation exists between CAM and the HOA and that debt collection activities were incidental to said fiduciary obligation.

Instead, Plaintiff argues that Count I should not be dismissed because the Court should not consider the MLSA and because questions of fact remain. These arguments fail because the Court can properly consider the MLSA as it is central to Plaintiff's claim and referred to in the Complaint, and the Court can find as a matter of law that a bona fide fiduciary obligation exists and CAM's collection activities were incidental to that obligation even without considering the MLSA.

1. The Court Should Properly Consider the MLSA.

When a document attached to a motion to dismiss is central to Plaintiff's claim, the Eleventh Circuit has held that the court may consider the document without converting the motion into one for summary judgment. *See Horne v. Potter*, 392 Fed. Appx. 800, 2010 U.S. App. LEXIS 17095 (11th Cir. 2010); *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1997 U.S. App. LEXIS 17057 (11th Cir. 1997); *Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 2006 U.S. App. LEXIS 9705 (11th Cir. 2006). As demonstrated herein below, the MLSA is referred to in the Complaint and is central to Plaintiff's claim against CAM under Count I of the Complaint for alleged violations of the FDCPA, and the Court may thus consider the MLSA without converting the motion into one for summary judgment.

The majority of the allegations contained in the Complaint are alleged against the Defendants collectively. The MLSA establishes, defines, and governs the relationship of CAM and the other Defendants. Therefore, the MLSA is central to the allegations of Plaintiff's Complaint.

Plaintiff refers to the MLSA when she alleges in her Complaint that "CAM is an agent of [the HOA] for purposes of collection of homeowner assessments and other debts". (Doc. 11, ¶10). The MLSA governs the relationship of CAM and the

HOA and the manner by which CAM acts as an agent of the HOA. Therefore, the MLSA is central to Plaintiff's Complaint.

Plaintiff further alleges in her Complaint that "CAM uses interstate commerce and/or mail in its business, regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party, and engages in a business the principal purpose of which is the collection of debts." (Doc. 11, ¶17). CAM's business activities and debt collection actions taken on behalf of the HOA are established in the MLSA. Therefore, the MLSA is central to Plaintiff's Complaint.

Plaintiff also alleges in her Complaint that "[t]he collection of assessments and other debts from homeowners is central to CAM's obligation to [the HOA]." The MLSA specifically sets forth CAM's obligations to the HOA. The MLSA also establishes and governs CAM's collection of debts on behalf of the HOA. Furthermore, the MLSA sets forth and governs the entirety of CAM's obligations to the HOA, thereby demonstrating that such obligations are not central to CAM's total obligations to the HOA. Therefore, the MLSA is central to Plaintiff's Complaint.

    2. <u>Claim Fails Based on Facts Alleged</u>.

  Even assuming *arguendo* that the Court cannot consider the MLSA, the Court should still hold that Plaintiff's claim against CAM under Count I of the Complaint for alleged violations of the FDCPA fails as a matter of law. As stated above, CAM is exempt from liability under the FDCPA if (1) a bona fide fiduciary obligation exists between CAM and the HOA, and (2) CAM's collection activities were merely incidental to that obligation. 15 U.S.C.A. §1692a(6)(F)(i); *Harris v. Liberty Community Management, Inc.*, 702 F.3d 1298, 1302, 23 Fla. L. Weekly Fed. C 1735 (2012); (Doc. 23, pg. 4).

  There is no dispute that CAM is an agent of the HOA. (Doc. 11, ¶10) ("CAM is an agent of Defendant Ivey . . . ."). In Georgia, a confidential relationship exists "where one party is so situated as to exercise a controlling influence over the . . . interest of another or where . . . the law requires the utmost good faith, such as the relationship between . . . principal and agent . . . ." O.C.G.A. §23-2-58. Such a confidential relationship gives rise to a fiduciary duty. *Premier/Georgia Mgmt. Co., Inc. v. Realty Mgmt. Corp.*, 272 Ga. App. 780, 613 S.E.2d 112 (2005). Therefore, a *bona fide* fiduciary obligation exists between CAM and the HOA and the first element of the statutory exemption is met.

iManage 12708245v.1

The second element of the statutory exception requires that the collection activities be incidental to the fiduciary obligation. 15 U.S.C.A. §1692a(6)(F)(i); (Doc. 23, pg. 4). This determination is made by evaluating whether the debt-collecting activity is "central to" or the "primary purpose of" the agent's duties. *See Harris*, 702 F.3d at 1302; *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1034, 2009 U.S. App. LEXIS 5554 (9th Cir. 2009). CAM is a property management company with a myriad of obligations to the HOA. Plaintiff lists many of these obligations in its Response Brief. (Doc. 23, pg. 3). As evidenced by these obligations, debt collecting activities are far from the central or primary duty of CAM. Therefore, CAM's collection activities were merely incidental to its obligation to the HOA, and the second element of the statutory exemption is met.

Thus, because "collecting or attempting to collect any debt owed or due or asserted to be owed or due another . . . is incidental to [CAM's] bona fide fiduciary obligation" as community manager, Plaintiff's FDCPA claim against CAM fails as a matter of law. 15 U.S.C.A. § 1692a(6)(F)(i); *Harris*, 702 F.3d 1298.

### B. Claim Against Mason and Law Firm for Alleged Violation of the Georgia Fair Business Practices Act Fails as a Matter of Law.

Count II of Plaintiff's Complaint fails as a matter of law as asserted against Mason and the Law Firm, because they are exempt from the provisions of the

Georgia Fair Business Practices Act ("GFBPA"). Under Georgia law, an attorney and/or law firm who is engaged in debt collection on behalf of his/its clients is exempt from the GFBPA. *State ex rel. Doyle v. Frederick J. Hanna & Assocs., P.C.*, 287 Ga. 289, 695 S.E.2d 612 (2010). Plaintiff does not deny that said exception exists under Georgia law. (Doc. 23, pgs. 5-6). Furthermore, Plaintiff admits that Count II fails as to the Law Firm and should be properly dismissed. (Doc. 23, pg. 5).

However, Plaintiff incorrectly argues that the exception does not apply to Mason because he is the owner and manager of CAM and thus engaged in commercial or entrepreneurial activities. (Doc. 23, pgs. 5-6). This argument fails as CAM specifically retained Mason and the Law Firm for the purposes of debt collection and "the representation of clients by a law firm does not come within the [G]FBPA even if certain services were provided by non-lawyers within the firm and could have been offered by a company without any attorneys." *State ex rel. Doyle*, 287 Ga. at 293. All actions allegedly taken by Mason were taken in his capacity as attorney for CAM, and thus, these actions are exempt from the GFBPA.

### C. Claim for Intentional Infliction of Emotional Distress Fails as a Matter of Law as to all Defendants.

As stated in the Moving Defendants' Brief in Support of its Motion to Dismiss, Plaintiff's claim for intentional infliction of emotional distress against the Moving Defendants fails as a matter of law because the Defendants' conduct was not sufficiently extreme or outrageous and Plaintiff's emotional harm is not sufficiently severe, even if every fact alleged were taken as true.

Plaintiff responds to this argument by restating facts from her Complaint, predominantly concerning the Henry County Magistrate Court action, captioned as *The Club at Ivey Estates, Inc., v. Gina Wilkerson*. As indicated in the case caption, the entity suing Plaintiff in the magistrate court action was the HOA, not the Moving Defendants. The Firm merely served as the HOA's legal counsel in said action. Thus, the majority of Plaintiff's support for its claim for intentional infliction of emotional distress against the Moving Defendants is based on litigation wherein the Moving Defendants were not a named party. These allegations should not be considered as actions taken by the Moving Defendants.

Plaintiff also responds by restating facts concerning the delay in locating her payment to the HOA. In Plaintiff's own words, "Ms. Wilkerson paid her *HOA assessment* in March 2018, using an online portal *which the HOA maintained* and

which deposited her money *into the HOA's bank account*." (Doc 23, pg. 7) (*emphasis added*). As Plaintiff readily admits and alleges, she deposited money into the HOA's bank account using an online portal maintained by HOA – not the bank account nor the portal of the Moving Defendants. Thus, these actions Plaintiff alleges as sufficiently egregious to justify an award for intentional infliction of emotional distress should not be considered as actions taken by the Moving Defendants.

Plaintiff further alleges that a failure to "search[] their own records to determine where the money had gone" is behavior substantially egregious as to justify an award for intentional infliction of emotional distress. (Doc 23, pg. 7). Again, these were the HOA's records, not the records of the Moving Defendants, and thus any failure to search should not be considered as an action or inaction on the part of the Moving Defendants.

In order for Plaintiff to assert a valid claim for intentional infliction of emotional distress against the Moving Defendants, it must be found, *inter alia*, that the Moving Defendants' conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . . Such does not include

mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living." *Wilcher v. Confederate Packaging*, 287 Ga. App. 451, 454, 651 S.E.2d 790 (2007). "Whether the alleged conduct is sufficiently extreme or outrageous is a question of law for the trial court." *Ashman v. Marshall's of Ma*, 244 Ga. App. 228, 229, 535 S.E.2d 265, 267 (2000).

Even with every factual allegation taken as true, and even if the alleged conduct of the HOA is somehow imputed to the Moving Defendants, said conduct does not rise to a level sufficient to support a claim for intentional infliction of emotional distress. And furthermore, "[t]he distress [allegedly] inflicted [was not] so severe that no reasonable man could be expected to endure it." *Ghodrati v. Stearnes*, 314 Ga. App. 321, 323, 723 S.E.2d 721 (2012). Therefore, Plaintiff has failed to state a claim of intentional infliction of emotional distress against the Moving Defendants and said claim should properly be dismissed.

### D. Plaintiff's Complaint Should be Dismissed as an Improper Shotgun Pleading.

This Court should properly dismiss Plaintiff's Complaint as a "shotgun pleading" as its structure renders it "impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

Each Count of Plaintiff's Complaint restates paragraphs 1 – 156 of the Complaint. (Doc. 11, ¶¶157, 192, 200). Plaintiff argues that this is not a pleading defect and was instead necessary because the acts and omissions in these paragraphs concern "alleged misconduct [] undertaken by all Defendants, acting in concert." (Doc. 23, pg. 12). This is demonstrably false as not all of these 156 paragraphs even describe conduct taken by the Defendants.

Furthermore, the Complaint asserts facially invalid claims. This is further evidenced by Plaintiff's admission that, "[u]pon review of the MTD and the relevant caselaw, Plaintiff has no objection to the dismissal of her GFBPA count with respect to the Mason Firm." (Doc. 23, pg. 5).

In addition, the Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323, 2015 U.S. App. LEXIS 11750 (11th Cir. 2015).

Therefore, Plaintiff's Complaint should be dismissed as a "shotgun pleading", which asserts clearly invalid claims, is "replete with conclusory, vague, and

iManage 12708245v.1

immaterial facts not obviously connected to any particular cause of action", and a generally lengthy and incomprehensible Complaint. *Id.* at 1322.

### E. Claim for Actual Damages Fails as a Matter of Law.

Plaintiff's claim for actual damages should be dismissed because these damages were caused by Plaintiff's independent litigation decisions. Furthermore, Plaintiff failed to mitigate these alleged damages by failing to seek a continuance and by failing to merely prepare for her catering event at a time other than the hearing, which did not even take place on the day of the alleged catering event. (Doc. 11, ¶¶74-76).

Plaintiff admits that "Ms. Wilkerson declined to dismiss her counterclaim against Ivey". (Doc. 11 ¶70). Thus, regardless of any actions by the Defendant, Plaintiff was required to appear at the magistrate court hearing to pursue her counterclaim—which she lost. Even had the HOA dismissed its magistrate court suit prior to the hearing, Plaintiff would have been required to attend the hearing due to her own asserted claim that she refused to dismiss. Therefore, Plaintiff's claim for actual damages fails as a matter of law and should be properly dismissed.

## II.   CONCLUSION

As set forth hereinabove and in the Moving Defendants' Motion to Dismiss and Brief in Support, the Court should properly grant the Moving Defendants' Motion to Dismiss because (1) the Complaint is an improper shotgun pleading, (2) Plaintiff failed to state a claim against Defendant CAM under Count I of the Complaint for alleged violations of the FDCPA because CAM is statutorily exempt, (3) Plaintiff failed to state a claim against Defendants Mason and the Law Firm under Count II of the Complaint for alleged violations of the GFBPA because the GFBPA does not apply to lawyers collecting debts for their clients, (4) Plaintiff failed to state a claim against Defendants Mason, the Law Firm, and CAM under Count III of the Complaint for alleged intentional infliction of emotional distress because the alleged conduct was insufficiently severe and outrageous and the distress allegedly inflicted is similarly insufficiently severe, and (5) Plaintiff failed to state a claim for actual damages because her independent decisions were the cause of her alleged damages.

Respectfully submitted this 12th day of August, 2019.

                                                **HAWKINS PARNELL & YOUNG, LLP**

|  |  |
|---|---|
|  | /s/*Kathryn S. Whitlock* |
|  | Kathryn S. Whitlock |
| 303 Peachtree Street, N.E. | Georgia Bar No. 756233 |
| Suite 4000 | Stephen W. Rothring |
| Atlanta, Georgia 30308 | Georgia Bar No. 640964 |
| T: (404) 614-7400 | *Attorneys for Defendants Lee Mason,* |
| F: (404) 614-7500 | *Law Offices of Lee Mason, LLC, and* |
| kwhitlock@hpylaw.com | *Community Association Management,* |
| srothring@hpylaw.com | *LLC* |

-14-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GINA WILKERSON,<br><br>    Plaintiff,<br><br>v.<br><br>LEE MASON, LAW OFFICES OF LEE MASON, LLC, COMMUNITY ASSOCIATION MANAGEMENT, LLC, and THE CLUB AT IVEY ESTATES, INC.,<br><br>    Defendants. | Civil Action No.<br>1:19-cv-01317-SCJ-WEJ |

## **CERTIFICATION PURSUANT TO LR 7.1**

The undersigned hereby certifies that this brief was prepared using 14 point, Times New Roman font; that this brief does not exceed fifteen pages; that the top margin is not less than one and one-half inches, and that the remaining margins are not less than one inch; that the pages of this brief are numbered consecutively at the bottom center of the page; and that the text of the Brief is double-spaced, except for headings and footnotes.

This 13th day of August, 2019.

                                        **HAWKINS PARNELL & YOUNG, LLP**

                                        /s/*Kathryn S. Whitlock*
                                        Kathryn S. Whitlock

303 Peachtree Street, N.E.       Georgia Bar No. 756233
Suite 4000                                 Stephen W. Rothring
Atlanta, Georgia 30308           Georgia Bar No. 640964
T: (404) 614-7400                *Attorneys for Defendants Lee Mason,*
F: (404) 614-7500                *Law Offices of Lee Mason, LLC, and*
kwhitlock@hpylaw.com          *Community Association Management,*
srothring@hpylaw.com          *LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GINA WILKERSON,<br><br>        Plaintiff,<br><br>v.<br><br>LEE MASON, LAW OFFICES OF LEE MASON, LLC, COMMUNITY ASSOCIATION MANAGEMENT, LLC, and THE CLUB AT IVEY ESTATES, INC.,<br><br>        Defendants. | Civil Action No.<br>1:19-cv-01317-SCJ-WEJ |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the within and foregoing DEFENDANTS LEE MASON, LAW OFFICES OF LEE MASON, LLC, AND COMMUNITY ASOCIATION MANAGEMENT, LLC'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS, with the Clerk of Court using the CM/ECF system which will electronically notify and serve the following counsel of record:

   Adam Klein, Esq.: aklein@mattberry.com
   John Michael Duffoo, Esq.: john@duffolaw.com

17

iManage 12708245v.1

This 13th day of August, 2019.

|  | **HAWKINS PARNELL & YOUNG, LLP** |
|---|---|
|  | /s/*Kathryn S. Whitlock* |
|  | Kathryn S. Whitlock |
| 303 Peachtree Street, N.E. | Georgia Bar No. 756233 |
| Suite 4000 | Stephen W. Rothring |
| Atlanta, Georgia 30308 | Georgia Bar No. 640964 |
| T: (404) 614-7400 | *Attorneys for Defendants Lee Mason,* |
| F: (404) 614-7500 | *Law Offices of Lee Mason, LLC, and* |
| kwhitlock@hpylaw.com | *Community Association Management,* |
| srothring@hpylaw.com | *LLC* |